## WEISER & Co. v. McKAY ET AL.

1. Usury: MORTGAGE. Facts considered which in an action to foreclose a mortgage were *held* not to establish a defense based upon usury.

*Appeal from Winneshiek District Court.*

THURSDAY, JUNE 12.

ACTION to foreclose a mortgage which was given by the defendants to secure the payment of a note of two thousand dollars, payable to the order of Charles L. Weiser. The defense was usury. There was a trial by the court. A judgment and decree of foreclosure were entered for the full amount claimed by the plaintiffs. Defendant James D. McKay appeals.

*L. Bullis,* for appellant.

*E. E. Cooley,* for appellees.

ROTHROCK, J.—One H. S. Weiser was a banker at Decorah, Iowa. The defendant McKay was indebted to him in the sum of twelve hundred dollars, and interest thereon, for money loaned. To secure this indebtedness McKay made an absolute conveyance of certain real estate to said H. S. Weiser. There was a school-fund mortgage upon said real estate for five hundred dollars, given before the conveyance to Weiser. The debt from McKay to Weiser being due, McKay executed and delivered to Charles L. Weiser a note and mortgage upon said real estate to pay off the debt due to H. S. Weiser. H. S. Weiser subsequently died, and Charles L. Weiser indorsed the said note to the plaintiffs, Mrs. H. S. Weiser & Co.

The question presented in the record before us is, was the note for two thousand dollars usurious? The court below found that it was not, and a careful examination of the evi-

dence has led us to the conclusion that the defendant fails to sustain the defense of usury by a preponderance of evidence. The evidence shows beyond question that Charles L. Weiser paid two thousand dollars for the note and mortgage, and that he indorsed them to the plaintiffs for the amount he paid, and the accrued interest. He did not receive any sum in excess of ten per cent per annum interest upon the amount of money he paid for the note and mortgage, and no agreement was made that he should receive any sum in excess of that amount. The defendant insists that H. S. Weiser was the agent of Charles Weiser in negotiating the loan, and that the latter is chargeable with the acts of his said agent in that behalf. Plaintiffs contend that H. S. Weiser was the agent of the defendant alone in procuring the loan for him. Upon this question the burden of proof is upon the defendant, and we think he fails to show, by a preponderance of evidence, that H. S. Weiser was the agent of Charles. It is true that the defendant testifies to facts which, if uncontradicted, not only establish the agency as claimed by him, but show that Charles L. Weiser himself participated in making the usurious contract. But we think his evidence is fully rebutted by that of Charles L. Weiser, whose testimony, to say the least, is corroborated in part by that of the witness E. W. Holway. We think there can be but little doubt that McKay employed H. S. Weiser to negotiate the loan for him, and that Charles L. Weiser paid the two thousand dollars to H. S. Weiser by McKay's express direction, and that whatever occurred as to the manner in which the money should be disposed of, was between the defendant and H. S. Weiser alone, and that Charles Weiser did not participate in the transaction further than to pay the two thousand dollars to his brother by the direction of McKay.

The judgment of the court below will be

AFFIRMED.